# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10332
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE MONCADA-DELAROSA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-118-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Moncada-Delarosa (Moncada) appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine. For the first time on appeal, Moncada argues that, following *Alleyne v. United States*, 133 S. Ct. 2151 (2013), any fact that increases the range of reasonable sentences must be found by a jury beyond a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonable doubt.  He asserts that the district court's factual finding that he was responsible for more than 1,200 grams of actual methamphetamine violated his constitutional rights because it raised the range of reasonable sentences that could survive appellate review.

As Moncada did not raise this issue in the district court, we review it for plain error only.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  To show plain error, Moncada must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See id.*  If he makes such a showing, we have the discretion to correct the error, but should do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

The Government has moved for summary affirmance on the ground that the sole issue raised by Moncada is foreclosed.  In *United States v. Tuma*, 738 F.3d 681, 693 (5th Cir. 2013), the defendant argued that *Alleyne* required that any fact that increased his minimum sentence, including facts that raised his guidelines range, must be found by a jury beyond a reasonable doubt.  This court rejected the argument, holding that *Alleyne* applied "only to facts that increase a statutory mandatory minimum sentence."  *Id.*  In the present case, Moncada admitted to facts that established a statutory minimum sentence of five years of imprisonment, and no judicially found facts increased the statutory minimum sentence.  *See* 21 U.S.C. § 841(b)(1)(B)(viii).  Accordingly, as Moncada concedes, his argument is foreclosed.  *See Tuma*, 738 F.3d at 693.

The Government's motion for summary affirmance is GRANTED.  The Government's alternative motion to extend the time to file its brief is DENIED.

AFFIRMED.